ANDRE BASILE, Respondent, *v.* KENTUCKY DISTILLERIES & WAREHOUSE COMPANY, INC., Appellant, and JOSEPH WEBER, Defendant, Impleaded under Section 271 of the Civil Practice Act.

First Department, October 31, 1924.

Contracts — action to recover deposit made by buyer on contract for sale of whisky — motion by plaintiff for judgment on pleadings and to dismiss counterclaim — complaint alleges ·contract, impossibility of performance because of ruling by Attorney-General, rescission of contract and demand for return of deposit — answer denies that contract has become illegal or impossible of performance and that purchasers were wholesale liquor dealers within ruling of Attorney-General — answer alleges affirmatively partial delivery of whisky and refusal to accept balance — plaintiff not entitled to judgment on pleadings — complaint and counterclaim are sufficient.

The plaintiff, in an action to recover the deposit made on a contract for the purchase of whisky from the defendant, is not entitled to a judgment on the pleadings consisting of the complaint and answer, where the complaint alleges the execution of the contract and the possession of the necessary permits; that the purchasers were wholesale liquor dealers at the time the contract was made; that thereafter, under a ruling of the Attorney-General of the United States, it became illegal for the purchasers to complete the contract; and where the answer denies that the contract in question became illegal and impossible of performance, and that the purchasers were wholesale liquor dealers within the meaning of the ruling of the Attorney-General.

The counterclaim interposed by the defendant on the theory that the purchasers had failed to complete their contract should not have been dismissed. .

The complaint states a cause of action.

APPEAL by the defendant, Kentucky Distilleries & Warehouse Company, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 20th day of December, 1923, granting the plaintiff's motion for judgment on the pleadings and dismissing the defendant's counterclaim, and also from a judgment entered in said clerk's office on the 21st day of December, 1923, pursuant to said order.

*Breed, Abbott & Morgan* [*Sumner Ford* of counsel; *Edward A. Craighill, Jr.*, with him on the brief], for the appellant.

*Joseph H. Hazen* [*Avrom M. Jacobs* with him on the brief], for the respondent.

MARTIN, J.:

This action was brought to recover the sum of $5,000 deposited with defendant by plaintiff and another, a firm doing business as Keystone Laboratories Company, pursuant to the terms of a

contract which plaintiff alleges was or became illegal, void and impossible of performance, although entered into in good faith.

The contract is as follows:

" Sold by Kentucky Distilleries & Warehouse Co., Louisville, Kentucky, as Seller, to Keystone Laboratories, 3475 Third Avenue, as Buyer, the following goods, subject to terms and conditions below, any quantity short on Mayfield to be filled in by other brand:

" 1400 cases Mayfield Whiskey Qts., size, at $23.00 per case tax paid.

" F. O. B. Distillery.

" Transportation at Buyer's Expense.

" Deliveries: Not less than 100 cases at time. It is expressly agreed that all rights to any refund of the Kentucky State Tax remain with the Seller, Kentucky Distilleries & Warehouse Co.

" Terms: Advance payment of $5,000 to be applied on last deliveries to the amount thereof   Full amount of value of each shipment as ordered to be paid on filing shipping instructions and Forms 1410 at New York Office of the Company, 56–58 Pine Street.

" On failure of the buyer to furnish Forms 1410 within thirty days after March 1st, 1921, to cover shipment of all or any portion of the goods herein contracted for, he / they agrees to accept in lieu of such portion, warehouse receipts for whiskey in bond at Distillery Warehouse in Kentucky, in proportion of ten barrels for each 100 cases, and to pay for same at the rate of $3.00 per proof gallon original gauge in bond, less accrued charges to December 30, 1920, and further agrees to pay for the full number of skeletons (boxes, bottles, etc.) apportioned by seller for the completion of this order at the rate of $3.00 per skeleton.

" KENTUCKY DISTILLERIES & WAREHOUSE CO.
" by SID KLEIN, *Vice-President.*
" Accepted
" KEYSTONE LABORATORIES by
" ANDRE BASILE,
" Dated: LOUISVILLE, KY. *Dec.* 3, 1920."

The " Forms 1410 " mentioned in the contract referred not to the " basic permit " necessary to entitle the Keystone Laboratories to purchase or sell alcoholic liquor for non-beverage purposes, but to the specific authorization required of every purchaser, to be presented to the seller, in order to entitle the buyer to receive physical possession of the liquor. Although a purchaser holds

a " basic permit " he must, in any event, produce form 1410 before a seller can lawfully deliver intoxicating liquor to him.

Treasury Regulations 60 (T. D. 2985), article VIII, section 54 (See vol. 22 Treasury Decisions, Internal Revenue, 1920), provide: " Any person entitled to procure intoxicating liquor in accordance with the provisions of these regulations must, in order to obtain such liquor, secure permit to purchase on Form 1410 from the director, and no person is authorized to furnish or deliver intoxicating liquor except upon receipt of permit to purchase, unless otherwise specifically provided in these regulations."

The complaint alleges in the first cause of action that plaintiff and Joseph Weber were " wholesale liquor dealers " doing business under the firm name of " Keystone Laboratories Company; " that they held a permit from the Federal Prohibition Commissioner, as wholesale liquor dealers, authorizing them to deal in intoxicating liquors for non-beverage purposes; that defendant, Kentucky Distilleries & Warehouse Company, Inc., held a permit authorizing it to sell, to wholesale liquor dealers holding permits from said Prohibition Commission, intoxicating liquors for non-beverage purposes; that the above-quoted contract was entered into in good faith on or about December 3, 1920; that pursuant thereto plaintiff and Weber deposited $5,000 with the defendant to be applied on the last deliveries under the contract; that said contract was illegal and void in that on or about January 14, 1921, " by virtue of an opinion of the Attorney-General of the United States all permits for the purchase, sale or other form of dealing in non-beverage intoxicating liquors by wholesale liquor dealers which had theretofore been issued by the Federal Prohibition Commissioner or by any other agency of the United States government were unauthorized and void; " that notwithstanding the permits held by the respective parties at the time said contract was made, plaintiff and Weber " in fact " had no authority " as wholesale liquor dealers," to buy, and this defendant had no authority to sell to them, as " wholesale liquor dealers," intoxicating liquor for non-beverage purposes; that on or about February 25, 1921, plaintiff and Weber advised defendant of the illegality and impossibility of performance of said contract and thereupon rescinded the same and demanded the return of the $5,000 deposit; that neither plaintiff nor Weber received any part of the last deliveries for the payment of which said deposit was made; that this defendant has refused to return the deposit or any part thereof; and that Weber has assigned his interest in said deposit to plaintiff.

In the second cause of action the complaint alleges that on or about February 20, 1921, the Prohibition Commissioner revoked

the permit held by the buyers, as wholesale liquor dealers, and also revoked the permit held by this defendant authorizing it to sell to wholesale liquor dealers; that on and after that date it became unlawful for said buyers to purchase liquor and for defendant to sell it to them; and that the contract " became illegal and void and impossible of performance."

The complaint does not allege that defendant was without authority when the contract was made to sell and deliver whisky for non-beverage purposes to persons duly authorized by the Prohibition Commissioner to purchase and receive delivery of the same.

The answer denies that the contract in question was or became illegal, void or impossible of performance. It denies knowledge or information as to whether plaintiff and Weber were wholesale liquor dealers, whether they held a permit as such, and whether their permit was or became ineffective. It also denies knowledge or information as to the alleged assignment of Weber's rights to plaintiff.

Not only does the answer deny that on or about February 25, 1921, plaintiff and Weber advised defendant that the contract was illegal and impossible of performance, and thereupon notified defendant that they rescinded the contract and demanded the return of the $5,000 deposit, but it also alleges affirmatively that during July, 1921, more than five months later, defendant shipped at the request of plaintiff and Weber and they received and paid for 500 cases of whisky pursuant to the terms of the contract; and thereby partly performed the same.

Both as an affirmative defense to each cause of action and as a counterclaim the answer alleges the making of the contract and the deposit of $5,000 pursuant to its terms; the delivery to plaintiff and Weber of 100 cases of whisky during December, 1920, and 500 cases during July, 1921; that they failed to furnish the requisite permits for the balance of the 1,400 cases within thirty days after March 1, 1921; that defendant thereafter duly tendered them bonded warehouse receipts for the balance of the whisky and demanded that they accept and pay for same at the agreed rate; but that they wrongfully refused to do so.

Plaintiff's position is that, under the National Prohibition Act, which is also known as the Volstead Act, it was not possible for him and Weber to be or become licensed or permitted to make this contract because it called for the sale to them of liquor in wholesale quantities and they were neither manufacturers nor wholesale druggists, to whom alone permits could be issued authorizing such sales. (See 41 U. S. Stat. at Large, 308, tit. 2, § 3; Id. 310, tit. 2, § 6;

Id. 312, tit. 2, § 11.) This is based on the allegation of the complaint that they were wholesale liquor dealers, which is denied.

The pleadings do not establish the factual basis of plaintiff's argument.

Defendant contends that the provision of the contract providing for delivery of warehouse certificates became operative if plaintiff could not legally take the whisky; that plaintiff might legally take such certificates; and that, ultimately, there could be no bar of illegality to performance of the contract. But we deem it unnecessary to pass upon that question on this appeal; for plaintiff's position is based on an unwarranted conclusion as to the effect of the pleadings. In view of the answer, it cannot be said that the facts must be taken as plaintiff would have them in arguing for judgment on the pleadings.

The same reasoning leads to the conclusion that the counterclaim should not have been dismissed. Nor do we agree with defendant that the complaint fails to state a cause of action.

To anticipate possible misconstruction, it is expedient to note that, ordinarily, affirmative relief should not be granted, without a full inquiry, where the transactions involved are such as to leave a question as to the propriety of giving them the stamp of approval implied by a direction for a money or other judgment ultimately based on such transactions. Until the court at Special Term is fully satisfied in this respect such relief should not be granted on the pleadings, in advance of a trial fully revealing the dealings between the parties and the nature of such dealings.

The order and judgment should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., SMITH, MERRELL and FINCH, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.