JACOB J. KAHN, Plaintiff, *v.* LEWIS S. ROSENSTIEL and Others, Partners Trading under the Firm Name and Style of CINCINNATI DISTRIBUTING COMPANY, Defendants.

Supreme Court, New York County, November 24, 1925.

Judgment — summary judgment — action to recover deposit made by plaintiff's assignor under contract for purchase of whisky — motion by plaintiff for summary judgment under Rules of Civil Practice, rule 113 — defendants' answering affidavits raise issue as to inability of plaintiff's assignor to perform — motion denied.

Plaintiff, in an action to recover a deposit made by his assignor under a contract for the purchase of whisky, is not entitled to summary judgment under rule 113 of the Rules of Civil Practice, where the defendants' answering affidavits give rise to a controversy upon the merits and raise an issue as to whether or not plaintiff's assignor's failure to perform the agreement was due to an inability to obtain certain permits essential to the withdrawal of the liquor.

MOTION for summary judgment under rule 113 of the Rules of Civil Practice in an action for the return of the sum of $10,000 paid by the plaintiff's assignor under a written contract entered into on September 23, 1920, for the purchase of 2,000 cases of whisky at $26 per case f. o. b. distillery.

*Thomas & Friedman [Joseph H. Hazen* of counsel], for the plaintiff.

*Samson Selig,* for the defendants.

LEVY, J.:

Both parties held basic permits which at the time of the contract apparently entitled them to make such an agreement. But before plaintiff's assignor could withdraw the liquor, it appears that it was necessary for him under the regulations controlling to procure certain additional permits known as form 1410. The contract was to be completed within sixty days. On October 23, 1920, plaintiff's assignor refused to make the second payment under the contract, and on December 4, 1920, the defendant notified him that " this contract has been vitiated and is closed." The apparent intention of this notification was that the plaintiff's assignor was in default by reason of the expiration of the time for performance. At the end of January or early in February, 1921, the basic permits under which the parties entered into the contract were held to be illegal by the Attorney-General of the United States, and the plaintiff's assignor demanded the return of his money, which was refused. The defendant's answering affidavits raise the issue that plaintiff's assignor's failure to perform was due to his inability to obtain the form 1410 permits and that if he had been in good standing with the authorities he would have been able to secure them in advance of the ruling of the Attorney-General. The plaintiff, on the other hand, urges that the ruling referred to made the contract void *ab initio* and, therefore, related back to the original date of the agreement; and even if it should be conceded that his assignor failed to live up to its terms, his breach of October 23, 1920, notwithstanding that it was in ignorance at the time of any illegality, was fully justified by the subsequent ruling by the Attorney-General. To support this view he quotes from the opinion of Mr. Justice BRANDEIS in *College Point Boat Corporation* v. *United States* (267 U. S. 12, 15) as follows: " A party to a contract who is sued for its breach may ordinarily defend on the ground that there existed, at the time, a legal excuse for non-performance by him, although he was then ignorant of the fact. He may, likewise, justify an asserted termination, rescission, or repudiation, of a contract by proving that there was, at the time,

an adequate cause, although it did not become known to him until later."

This is indeed entirely sound, and if in the instant case the plaintiff assumed the position of defense merely, the rule enunciated would in all likelihood exonerate his assignor; but as he seeks affirmative relief, the decision of the Appellate Division in *Basile v. Kentucky Distilleries & Warehouse Co.* (210 App. Div. 710, 714) seems more appropriate. That case involved facts almost identical with the present one, and while there the review was from an order granting judgment upon the pleadings, I consider that the following language is nevertheless persuasive: " To anticipate possible misconstruction, it is expedient to note that, ordinarily, affirmative relief should not be granted, without a full inquiry, where the transactions involved are such as to leave a question as to the propriety of giving them the stamp of approval implied by a direction for a money or other judgment ultimately based on such transactions. Until the court at Special Term is fully satisfied in this respect such relief should not be granted on the pleadings, in advance of a trial fully revealing the dealings between the parties and the nature of such dealings."

Facts are here revealed which unquestionably give rise to a controversy upon the merits of which the court makes no effort of passing, and in the light of the holding of the Appellate Division feels that at this stage summary relief should be refused. The motion is, therefore, denied.